IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY SPIVEY and KAREN SPIVEY, *Plaintiffs*, | § § § | |
| v. | § § | |
| HOME123 CORPORATION, HSBC BANK USA, NATIONAL ASSOCIATION, SELIM H. TAHERZADEH, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and JAMES E. BLUE, *Defendants*. | § § § § § § § § | CIVIL ACTION NO. 1:11-cv-00076-SS |

## DEFENDANTS' HSBC BANK USA NATIONAL ASSOCIATION'S, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' AND JAMES E. BLUE'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE SPARKS:

Defendants HSBC Bank USA, N.A. ("HSBC"), Mortgage Electronic Registration Systems ("MERS"), and James E. Blue ("Blue") (collectively, "Defendants") file this Response to Plaintiffs' Motion to Remand and respectfully show the Court as follows:

### Introduction

The Court should deny Plaintiffs' Motion to Remand ("Motion") because Defendants' Notice of Removal was timely filed and there is diversity of citizenship. Because Defendants were never properly served with process, Defendants' deadline to remove this case did not begin running until the date the first defendant in this lawsuit appeared—December 29, 2010. Defendants' Notice of Removal was timely filed on January 25, 2011. Further, because Defendant Selim Taherzadeh was improperly joined as a defendant in this lawsuit, there is diversity of citizenship. Plaintiffs' Motion to Remand should be denied.

1

## Argument and Authorities

A.  **Defendants' Notice of Removal was timely filed.**

Defendants' Notice of Removal was timely filed. The deadline to remove a lawsuit that is removable when it is filed is 30 days after a defendant's receipt of *both* the summons and a copy of the complaint. *See Board of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)) (holding that the time for removal commences on formal service of process, "not by mere receipt of the complaint unattended by any formal service").

Contrary to Plaintiffs' assertions, none of the Defendants in this lawsuit have been properly served with process. Upon information and belief, Plaintiffs purported to serve all Defendants via certified mail. Certified mail is an acceptable method for service of process; however service must be made by (1) the court clerk, (2) the sheriff or constable or any other person authorized by law, (3) any person 18 years of age or older, authorized by law or by order of court, or (4) any person certified by order of the Supreme Court. TEX. R. CIV. P. 103, 106(a)(2). Further, no person who is a party to or interested in the outcome of the suit may serve process. TEX. R. CIV. P. 103.

The returns of service Plaintiffs attach to their Motion are executed by "Grant Trevarthen (Private Server)." Upon information and belief, Mr. Trevarthen is not a court clerk, sheriff, or constable. The state court docket sheet for this lawsuit does not reflect any order authorizing Mr. Trevarthen—or any other person—to serve process. And Mr. Trevarthen is not included on the

Texas Supreme Court's list of certified process servers.[1] Because each of the returns of service attached to Plaintiffs' Motion is "executed" by Mr. Trevarthen, it appears that none of the Defendants were properly served.[2] To the extent Plaintiffs allege that Defendants' Notice of Removal improperly implied that service "didn't happen," Defendants state directly in their notice of removal that they have "no record of being *properly* served with citation." *See* Notice of Removal ¶¶ 3, 5, 6.

Even though Plaintiffs did not effect proper service on any Defendant, Defendant Selim Taherzadeh ("Taherzadeh") appeared in this lawsuit by filing his Original Answer and Special Exceptions in state court on December 29, 2010. Because the Fifth Circuit follows the first-served-Defendant rule for determining the removal deadline, in an abundance of caution, Defendants filed their Notice of Removal within 30 days of the filing of Taherzadeh's answer. *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986) (holding that if first-served Defendant does not file removal notice within 30 days after service, later-served Defendants cannot remove unless Plaintiff intentionally delayed naming other Defendants in bad-faith attempt to prevent removal).

Because Defendants' Notice of Removal was timely filed, Plaintiffs' Motion to Remand should be denied.

---

[1] *See* http://www.courts.state.tx.us/psrb/server_list.asp. Further, there is a possibility that Mr. Trevarthen has an interest in this lawsuit. Mr. Trevarthen's website indicates that he offers foreclosure prevention services. *See* http://www.readytex.com/index.html. Although discovery in this case has not yet begun such that Defendants can confirm, to the extent Plaintiffs have paid Mr. Trevarthen for any services other than service of process, he may be a person interested in the outcome of this suit. *See* TEX. R. CIV. P. 103.

[2] Plaintiffs allege that Defendants have acted disingenuously by representing to the Court that there were no returns of citation on file with the state court at the time Defendants' Notice of Removal was filed. Yet, Plaintiffs admit that they did not file the returns of citation until January 24, 2011, the day before Defendants' Notice of Removal was filed. When Defendants filed their Notice of Removal on January 25, they were not aware that Plaintiffs had filed the returns of citation the previous day. Regardless of when Plaintiffs filed the returns of citation, the fact that the improperly executed returns were filed with the state court does not change the fact that Defendants have not been properly served with process.

3

**B.     This case was properly removed on the basis of diversity of citizenship.**

Defendants properly removed this case on the basis of diversity jurisdiction. Although Defendant Selim Taherzadeh is believed to be an individual citizen of Texas, his citizenship should be disregarded for purposes of determining diversity jurisdiction because Taherzadeh was improperly joined as a defendant to this lawsuit. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). In keeping with current events, Plaintiffs allege in their Motion that Taherzadeh is "an infamous 'robo-signer.'" *See* Motion to Remand ¶ 12. Plaintiffs also allege that Taherzadeh's signature "appears no less than eleven (11) times in the documents in possession of Plaintiffs," *see id.*, but neither of these allegations changes the fact that Plaintiffs' copycat Complaint fails to provide any reasonable basis for the Court to predict that Plaintiffs might be able to recover against Taherzadeh on any of their causes of action.

From the face of Plaintiffs' Petition it is evident that Plaintiffs have no possibility of establishing a cause of action against Taherzadeh under Texas law. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."). A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). In applying this test, the court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant. *Id.*

4

¶stated in Defendants' Notice of Removal, the majority of Plaintiffs' claims are globally asserted against "Defendants" and do not specify at which Defendant or Defendants they are directed. However, Plaintiffs' only assertions against Taherzadeh specifically are contained within their claim for "attempt to wrongfully foreclose." *See* Complaint ¶¶ 35-36. Attempt to wrongfully foreclose is not a cause of action under Texas law. *Smith v. J. P. Morgan Chase Bank, N.A.*, Civil Action No. H-10-3730, 2010 WL 4622209, at * 2 (S.D. Tex. Nov. 4, 2010) (holding that "[u]nder Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home."); *see also Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ).

Further, Plaintiffs cannot state a claim against Taherzadeh under any of Plaintiffs' other globally pled causes of action. Plaintiffs' fraud claim is based on Plaintiffs' allegation that "Defendants did not lend any money to Plaintiffs . . . and by duplicitous means caused Plaintiffs to believe they had received a loan of money . . . ." *See* Complaint ¶ 19. Plaintiffs' conversion claim appears to be based on an alleged misrepresentation that Plaintiffs had been loaned money or were liable for a debt. *See* Complaint ¶ 22. Plaintiffs' unjust enrichment claim is based on the "exchange . . . made at the closing table." *See* Complaint ¶ 25. Plaintiffs' civil conspiracy claim is directed against "Defendants" but appears to be based on "predatory lending practices." *See* Complaint ¶ 27. But Plaintiffs fail to plead facts that Taherzadeh had anything to do with the origination of Plaintiffs' loan. Finally, Plaintiffs' quiet title action appears to be directed only against Home123 and its "successors and assigns." *See* Complaint ¶¶ 28-30. But there is no allegation that Taherzadeh, as foreclosure trustee, is claiming a personal interest in the property.

Plaintiffs' only factual allegations regarding Taherzadeh are that he signed the Notice of Acceleration and the Assignment of Plaintiffs' loan and that the Assignment "was fabricated in a 'foreclosure mill', which in this instance is the law firm of Brice, Vander, Linden & Wernick, P.C." *See* Complaint ¶ 36. These allegations do not establish a reasonable basis for Taherzadeh's liability under any of Plaintiffs' causes of action.

Plaintiffs must not be permitted to defeat diversity jurisdiction on the basis of filling Defendant Taherzadeh's name into a few blanks in a form complaint and calling him a "robo-signer." Because there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Taherzadeh on any cause of action, Taherzadeh was improperly joined as a defendant to this lawsuit, and his citizenship should be disregarded. Accordingly, there is complete diversity of citizenship among the parties. Plaintiffs' Motion to Remand should be denied.

### C.   The filing of HSBC's application for home equity foreclosure order in state court has no impact on this Court's jurisdiction over this lawsuit.

Plaintiffs appear to assert that the fact that HSBC filed its application seeking a court order allowing the foreclosure of Plaintiffs' home equity loan in Williamson County District Court has some impact on the Court's jurisdiction over the present lawsuit. Had Plaintiffs filed a counterclaim in a lawsuit filed by HSBC in state court, HSBC would then be unable to remove the case to federal court. However, HSBC's filing of a lawsuit against Plaintiffs in state court does not prevent HSBC from later removing a separate lawsuit filed by Plaintiffs in state court to federal court. Further, under Texas Rule of Civil Procedure 736, HSBC arguably had no choice but to bring its application seeking a court order allowing the foreclosure of Plaintiffs' home equity loan in federal court. *See* TEX. R. CIV. P. 736 ("A party filing an application under Rule 736 seeking a court order allowing the foreclosure of a lien under Tex. Const. art. XVI,

§ 50(a)(6)(D), for a home equity loan . . . shall initiate such in rem proceeding by filing a verified application in the district court in any county where all or any part of the real property encumbered by the lien sought to be foreclosed . . . is located."). HSBC's filing of an application seeking a home equity foreclosure order in state court has no bearing on the Court's jurisdiction over the present lawsuit.

## Conclusion

Because Plaintiffs failed to effect proper service on Defendants and Defendants filed their Notice of Removal within 30 days of the first appearance by any Defendant, Defendants' Notice of Removal was timely filed. Because Defendant Taherzadeh was improperly joined to this lawsuit, this Court has jurisdiction on the basis of diversity of citizenship. Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, and James E. Blue respectfully request that the Court deny Plaintiffs' Motion to Remand and grant Defendants such other and further relief, general or special, to which they are justly entitled.

AUS:0567447/00165:452354v1

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: *Amanda M. Schaeffer*
Robert T. Mowrey
State Bar No. 14607500
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

B. David L. Foster
State Bar No. 24031555
Amanda M. Schaeffer
State Bar No. 24059115
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
aschaeffer@lockelord.com

ATTORNEYS FOR DEFENDANTS HSBC BANK USA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AND JAMES E. BLUE

AUS:0567447/00165:452354v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 11th day of February, 2011 to the following:

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED and U.S. MAIL**
Gary Spivey
Karen Spivey
200 Hickman Street
Liberty Hill, Texas 78642
*Pro se*

**VIA ECF and FACSIMILE: (972) 643-6699**
Selim H. Taherzadeh
David C. Romness
Lauren R. Godfrey
R. Kendall Yow
Brice Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243

_____
Amanda M. Schaeffer